# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

### PACER Cover Sheet
### for Electronically Filed Documents

Any data shown here are current as of  06/10/06      . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Emilio Cadena |
| **Case Number:** | 05-12101 |

---

### Document Information

| | |
|---|---|
| **Description:** | Order Denying [4-1] Chapter 13 Plan. Debtor has 15 days to file amended plan. |
| Received on: | 2006-01-20 09:31:18.000 |
| **Date Filed:** | 2006-01-20 00:00:00.000 |
| **Date Entered On Docket:** | 2006-01-20 00:00:00.000 |

---

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   EMILIO CADENA,                                    No. 13-05-12101 MA

         Debtor.

## ORDER DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN WITH LEAVE TO FILE AMENDED PLAN WITHIN FIFTEEN DAYS

THIS MATTER is before the Court to consider confirmation of the Debtor's Chapter 13 plan.
The Court held a final hearing on confirmation on January 17, 2006 and took the matter under
advisement.  After review of the evidence and testimony presented at the final hearing, and the Debtor's
statements and schedules filed in this bankruptcy proceeding, and being otherwise sufficiently informed,
the Court finds that the plan does not meet the requirements for confirmation outlined in 11 U.S.C. §
1325.  Consequently, the Court will deny confirmation of the Debtor's chapter 13 plan of
reorganization.  In reaching this determination, the Court FINDS:

        1.  Debtor filed this voluntary petition under Chapter 13 of the Bankruptcy Code on March 18,
2005.

        2.  Debtor filed a previous bankruptcy proceeding under Chapter 7 of the Bankruptcy Code on
August 10, 2004, as Case No. 7-04-15816 SA ("Chapter 7 Proceeding").

        3.  In connection with the Chapter 7 Proceeding, James W. Lunsford and Yolanda Lunsford
(together, the "Lunsfords"), filed an adversary proceeding to determine the dischargeability of a
particular debt under 11 U.S.C. § 523(a)(6).  *See* Adversary No. 04-1227 S.
The adversary proceeding was based on a Verified Complaint for Slander of Title and Ex-Parte
Cancellation of Claim of Lien and Breach of Contract ("Verified Complaint") filed against Emilio

1

Cadena in the Second Judicial District Court, State of New Mexico, County of Bernalillo, and a

judgment that was entered against Emilio Cadena by the state court after a trial on the merits of the

Verified Complaint.

4.  The Lunsfords obtained a default judgment against Emilio Cadena in adversary number 04-

1227 S determining that the debt was non-dischargeable. (Docket # 9).

5.  The Debtor received a discharge in the Chapter 7 Proceeding on January 21, 2005.

6.  The Lunsfords filed a proof of claim in this proceeding in the amount of $13,145.48, the

amount of the judgment entered against Emilio Cadena in state court. (Claim No. 1).  The Lunsfords

recorded a Transcript of Judgment against Emilio Cadena d/b/a Cadena Custom Plastering Co. in the

amount of $13,145.48 in the records of the County Clerk of Bernalillo County, New Mexico on March

8, 2005.

7.  The Internal Revenue Service filed a proof of claim in this proceeding in the total amount of

$4,545.11.  Of this amount, $3,146.83 is claimed as a priority claim under 11 U.S.C. § 507(a)(8).

(Claim No. 2)

8.  The Bernalillo County Treasurer filed a proof of claim in this proceeding in the  amount of

$3,403.79 based on non-payment of certain property taxes.  (Claim No. 3).  Of this amount, $627.66

is attributable to real property taxes for the year 2004.

9.  The Debtor has not objected to any of the filed proofs of claim, although the plan includes a

motion to avoid the lien of James and Yolanda Lunsford.

10.  The claims of the Lunsfords, the Internal Revenue Service, and the Bernalillo County

Treasurer are deemed allowed.  11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under

section 501 of this title, is deemed allowed, unless a party in interest . . . objects.").

11. Neither the Internal Revenue Service, nor the Bernalillo County Treasurer have agreed to accept less than full payment of their allowed priority claims. *See In re Randolph,* 273 B.R. 914, 918 (Bankr.M.D.Fla. 2002) ("In order to constitute an agreement under § 1322(a)(2), the claim-holder must make an express affirmation of consent.") (citing *In re Northrup,* 141 B.R. 171, 173 (Bankr.N.D.Iowa 1991)); *In re Escobedo,* 169 B.R. 178, 179 (Bankr.N.D.Ind. 1993) (creditors with priority allowed claims must "affirmatively agree to accept something less than payment in full").

12. The Debtor's plan of reorganization proposes to make monthly payments of $100.00 for a period of thirty-six months. *See* Docket #4.

13. The Debtor listed one parcel of real property, located at 1636 Valley Road SW, on his Schedule A. The Debtor owns this property in fee simple, and valued this property at $75,000.00 on his Schedule A. The property located at 1636 Valley Road SW is the Debtor's residence.

14. The Debtor claimed an exemption in the property located at 1636 Valley Road SW in the amount of $30,000.00.

15. The Debtor owns at least one other parcel of real property, located at 1630 Valley Road SW, which is right next to the Debtor's residence. *See* Exhibit 2 - property located at 1630 Valley Road SW.

16. The value of the property located at 1636 Valley Road SW is between $75,000.00 and $85,000.00. Debtor's Schedule A; Testimony of Greg Thompson, real estate broker.

17. The value of the property located at 1630 Valley Road SW is between $45,000.00 and $55,000.00. Testimony of Greg Thompson.

3

18.  One of the requirements for confirmation of a chapter 13 plan is that unsecured creditors receive as much under the plan as they would if the case were a chapter 7 proceeding and the assets of the Debtor's estate were liquidated.  11 U.S.C. § 1325(a)(4).[1]  This requirement is commonly referred to as the best interest of creditors test.  *See In re Dewey,* 237 B.R. 783, 788 (10th Cir. BAP 1999).

19.  The Debtor's plan fails to meet the best interest of creditors test.   The total amount to be contributed to the plan is $3,600.00 ($100.00/mos. X 36 mos.)  The Debtor owns unencumbered property worth $45,000.00 which would be liquidated under a chapter 7 proceeding and distributed to creditors.  Debtor's unencumbered, non-exempt property would be sufficient to satisfy all allowed claims in full.

20.  The Debtor's proposed plan is not feasible.  Under 11 U.S.C. § 1322(a), the plan must "provide for the full payment . . . of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim."  11 U.S.C. § 1322(a)(2). A portion of the claim of the Internal Revenue Service in the amount of $3,146.83 is entitled to priority treatment under 11 U.S.C. § 507(a)(8)(A).[2]  A portion of the claim of  the Bernalillo County Treasurer

---

[1]That section provides:
    . . . the court shall confirm a plan if --
        (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

    11 U.S.C. § 1325(a)(4).

[2]That section provides:
        (a) The following expenses and claims have priority in the following order:
            (8) Eighth, allowed unsecured claims of governmental units; only to the extent that such claims are for –
                (A) a tax on or measured by income or gross receipts  --

4

in the amount of $672.66 is entitled to priority treatment under 11 U.S.C. § 507(a)(8)(B).[3]  Debtor's

plan, which proposes to contribute a total of $3,600.00 is insufficient to pay the combined total amount

of the priority portions of the claims of the Internal Revenue Service and the Bernalillo County

Treasurer.  *See  In re Dixon,* 209 B.R. 535, 539 (Bankr.W.D.Okla. 1997) (finding that "§

1322(a)(2) required that Debtors' Chapter 13 plan provide for the payment in full of that [priority tax]

claim."). *See also, Escobedo,* 169 B.R. at 179 (noting that a plan which does not propose to pay

allowed priority claims in full cannot be confirmed, absent such creditor's agreement to accept less than

full payment).

    21.  Confirmation also requires a finding that "the plan has been proposed in good faith and not

by any means forbidden by law."  11 U.S.C. § 1325(a)(3).   Good faith is measured by the following

relevant factors:

---

    (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

    (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

    (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after the commencement of the case.

    11 U.S.C. § 507(a)(8)(A).

[3]That section provides:

    (8) Eighth, allowed unsecured claims of governmental units; only to the extent such claims are for --

    (B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition.

    11 U.S.C. § 507(a)(8)(B).

5

(1) the amount of the proposed payments and the amount of the debtor's surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increases in income;

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is non-dischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and

(11) the burden which the plan's administration would place upon the trustee.

*Flygare v. Boulden,* 709 F.2d 1344, 1347 (10th Cir. 1983) (quoting *In re Estus,* 695 F.2d 311, 317 (8th Cir. 1982)). "This list is not exhaustive, and the weight given each factor will necessarily vary with the facts and circumstances of each case." *Id.*

22. Under the circumstances present in this case, factors (1), (3), (4), (7), and (9) identified above weigh against the Debtor. Debtor has an excess of non-exempt, unencumbered property from which all claims could be satisfied. Debtor's proposed plan is for thirty-six months, the minimum period required for confirmation of a chapter 13 plan. *See* 11 U.S.C. § 1325(b)(1)(B). Debtor did not list the property located at 1630 Valley Road SW on his statements and schedules. The debt to the Lunsfords is a debt that was determined non-dischargeable in connection with the Debtor's prior Chapter 7 proceeding. Debtor filed this Chapter 13 proceeding less than three months after he received a discharge in his prior Chapter 7 proceeding.

23. Based on the foregoing, the Court concludes that the Debtor's plan of reorganization cannot be confirmed.

WHEREFORE, IT IS HEREBY ORDERED, that confirmation of Debtor's Chapter 13 plan is

6

DENIED, with leave to file an amended plan of reorganization within fifteen days of the date of entry of this Order that provides for payment in full of ALL allowed claims plus interest, including the claim of the Lunsfords, over the remaining fifty months[4] available under the maximum plan period allowed under the Bankruptcy Code.[5]

ORDERED FURTHER, that if the Debtor fails to file an amended plan within fifteen days of the date of entry of this Order that provides for payment in full of all allowed claims plus interest, including the claim of the Lunsfords, over a maximum period of fifty months, the Court will dismiss this bankruptcy proceeding without further notice.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Emilio Cadena
1636 Valley Rd. S.W.
Albuquerque, NM 87105

Richard L. Neely
Attorney for Yolanda and James Lunsford
PO Box 1787
Albuquerque, NM 87103 -1787

---

[4]Debtor's plan was filed on March 22, 2005, and the Debtor's first payment became due in April 2005. *See* 11 U.S.C. § 1326(a)(1) ("the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed.")

[5] *See* 11 U.S.C. § 1322(d) ("the court may not approve a period that is longer than five years.").

7

Kelley L. Skehen
Chapter 13 Trustee
625 Silver SW, Suite 350
Albuquerque, NM 87102

_____

Patti G. Hennessy
Law Clerk
(505) 348-2545

8